

**ORDERED in the Southern District of Florida on November 03, 2010.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

In re:

B.A. GROUP, INC.
dba Soo Woo Japanese Steakhouse
fdba Sakura Japanese Restaurant
fdba Sakura At Doral
 Tax ID #65-0726621

               Debtor.
_____/

Case No.: 09-26076-LMI

Chapter 11

**ORDER [1] CONFIRMING DEBTOR'S AMENDED
PLAN OF REORGANIZATION (D.E. #79); [2] GRANTING
THE DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C.
§ 1129(B) TO CRAM DOWN THE AMENDED PLAN OF REORGANIZATION
OF THE SECURED CLASSES OF CREDITORS WHO HAVE NOT ACCEPTED THE
PLAN (D.E. #91); and SETTING A STATUS CONFERENCE IN THIS CASE**

THIS CAUSE having come before the court on October 25, 2010, for consideration of the Confirmation of the Debtor-In-Possession's Amended Plan of Reorganization (the "Plan" or "Amended Plan") [D.E. #79]. The Debtor-In-Possession filed the Confirmation Affidavit (D.E. #92) and the Certification of Proponent of Plan on

Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees (the "Ballot Certificate") (D.E. #99).  In addition, the Debtor-in-Possession filed a Motion for an Order Pursuant to 11 U.S.C. § 1129(b) to Cram Down the Amended Plan of Reorganization on the Secured Classes of Creditors Who Have Not Accepted the Plan (D.E. #91).

In connection with the confirmation of the Amended Plan, the Court has reviewed and considered the Certification of Proponent of Plan on Acceptance of Plan, Report on Amount to be Deposited, Certificate of Amount Deposited and Payment of Fees (D.E. #99) and the Confirmation Affidavit of Bok An for the Debtor-in-Possession (D.E. #92).  The Court has also (i) reviewed and considered the entire record in this Chapter 11 Case, including the Debtor's Amended Disclosure Statement in Connection with the Amended Plan of Reorganization, (ii) considered the arguments of counsel, (iii) considered the testimony of Bok An as set forth in the Confirmation Affidavit, which was admitted into evidence at the Confirmation Hearing without objection; (iv) considered the testimony of Bok An regarding his acceptance of the Plan for the Equity Class of creditors, and (v) considered the other evidence presented at the Hearing.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following finds of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:[1]

---

[1] Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact.  See *In re American Family Enterprises*, 256 B.R. 377, 385 n.2 (Bankr.D.N.J. 2000); *In re Antar*, 122 B.R. 788, 789 (Bankr.S.D.Fla. 1990).

A. There has been adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; the (ii) the deadline to file and service objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and the confirmation of the Plan.  The Debtor has afforded all parties in interest with adequate opportunity to be heard regarding the Disclosure Statement and the Plan.

B. No objections to confirmation of the Amended Plan were filed by the deadlines established in the Confirmation Procedures Order.

C. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The Plan adequately and properly classifies all Claim and Interests required to be classified and, accordingly, satisfies section 1123(a)(1) of the Bankruptcy Code;

E.. Of the Classes who voted on the Plan, all Classes who voted and who were entitled to vote accepted the Plan in the requisite number of ballots and in the requisite dollar amount as required by section 1126( c) and as set forth in the Ballot Certificate;

F. The Ballot Certificate correctly sets forth the tabulation of votes, as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of Florida;

G. The Plan was accepted by all impaired Classes that were entitled to vote pursuant to the bankruptcy Code; the Bankruptcy Code, the Bankruptcy Rules and he Confirmation Procedures Order except Classes IC and ID which did not vote on the Plan.

H.	The Ballot Certificate reflects that Classes IA, IB and II accepted the Plan. Class III accepted the Plan through the testimony of Bok An that he accepted the treatment afforded him as an Equity holder in Class III of the Amended Plan.

I.	The Plan complies with all the applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129(a) with respect to all Classes of Claims and Interest under the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Proponent;

J.	The Plan complies with all the applicable provisions of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. and therefore meets the requirements of §1129(a)(1).

L.	The Debtor has complied with all the applicable provisions of the Bankruptcy Code and therefore meets the requirements of § 1129(a)(2).

M	The Plan has been proposed in good faith and not by any means forbidden by law and therefore meets the requirements of § 1129(a)(3).

N.	Any payment made or to be made by the Debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of the court, as reasonable, and therefore the Plan complies with  § 1129(a)(4).

O.	The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity interest holders and public policy and

the Debtor has disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor, and the nature of any compensation for such insider and therefore the Plan complies with § 1129(a)(5).

P. With respect to each impaired class of claims or interests each holder of claim or interest has accepted the Plan or will receive or retain under the Plan on account of such claim or interest in property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive if the Debtor were liquidated under chapter 7 of this title on such date and therefore the Plan complies with § 1129(a)(7).

Q. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, with respect to a claim of a kind specified in § 507(a)(2) of the Bankruptcy Code, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim. There are no claims of the kind specified in § 507(a)(1), 507(a)(3)-(a)(7) of the Bankruptcy Code. However, each holder of a claim of the kind specified in section 507(a)(8) of the Bankruptcy Code will receive on account of such claim regular installment payments in cash of a total value, as of the effective date of the plan, equal to the allowed amount of such claim over a period ending not later than five years after the date of the order for relief in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan. Accordingly, the Plan complies with § 1129(a)(9).

R. All of the four impaired classes who voted on the Plan accepted the Plan. Accordingly, the Plan complies with § 1129(a)(10).

S.    The Plan and the Disclosure Statement were accompanied by projections that support the financial viability of the Reorganized Debtor and, accordingly, the requirements of 1129(a)(11) are met.

T.    All fees payable under section 1930 of title 28, as determined by the Court at the hearing on confirmation of the plan have been paid or the plan provides for the payment of all such fees on the effective date of the Plan and therefore the plan complies with § 1129(a)(12).

U.    The Plan does not discriminate unfairly, is fair and equitable, and otherwise complies with all of the provisions of Section 1129(b) of the bankruptcy Code with respect to each Class of Claims or Interests that are impaired under the Plan,

V.    Counsel for the Debtor currently holds in trust sufficient funds available for the payment in whole or part of the Allowed Administrative Expense Claims and the amounts due to creditors as set forth in the Ballot Certificate.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS**:

1.    The Plan is confirmed pursuant to 11 U.S.C. § 1129.

2.    The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent that any finding of fact later determined to be a conclusion of law, it shall so be deemed to the extent any conclusion of law shall be determined a finding of fact,  It shall be so deemed.

3.    All of the terms and provisions of the Debtor's and Plan are approved.

4.	The provisions of the Plan and this Confirmation Order are binding on the Debtor, each Creditor and every other interested party.

5.	Pursuant Section 1141(d) of the Bankruptcy Code, the Debtor shall be discharged from all pre-confirmation debts except as is provided in the Plan.

6.	As of the Effective Date, all property of the estate shall re-vest in the Reorganized Debtor.

7.	The Reorganized Debtor shall continue to operate its business in the ordinary course.

8.	The Reorganized Debtor shall be entitled to retain and compensate professionals to assist it in carrying out the obligations as Reorganized Debtor without further necessity of further approval of this Court.

9.	Any judgment obtained in any court other than this Court is null and void as determination of the liability of the Debtor with respect to debts dischargeable or determined by this Court or to be discharged under 11 U.S.C. § 1141.

10.	All creditors whose debts are discharged by this Order and all creditors whose judgments are declared null and void are enjoined from commencing, continuing, or employing any action, process or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor.

11.	All creditors are also enjoined from commencing, continuing or employing any action, process, or act to collect, recover, or offset any debts, or enforce liens against the Debtor on account of any debt that existed as of the Petition Date.

12.	The Reorganized Debtor shall pay the U.S. Trustee the appropriate fees required by 28 U.S.C. § 1930(a)(6) based upon all disbursements by the Reorganized

Debtor for the post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6) and to file quarterly operating reports until the earlier of the closing of the instant case by the issuance of a final decree by the Court, or upon the entry of an order by this Court dismissing the case or converting it to another Chapter under the Bankruptcy Code. The Reorganized Debtor shall provide to the U.S. Trustee upon payment of each post-confirmation fee, an appropriate affidavit indicating all of the cash disbursements for the relevant period.

13. To the extent applicable, the reorganized Debtor shall have standing and authority to pursue all claim objections. Upon resolution of all claims objections, and satisfaction of all payments required under the Plan, the reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved Local Form.

14. The Reorganized Debtor shall pay all allowed claims at such time and in such amounts as provided for in the Plan.

15. The failure to reference of address all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of the Confirmation Order shall control, except as otherwise provided herein.

16. If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Curt, or any court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in

connection with the Plan, nor shall such reversal, modification, or vacation of this Confirmation Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Confirmation Order, any such obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the Effective Date of such reversal, modification, or vacation, shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

17. The Debtor has complied with all of the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure concerning notice, disclosure, and solicitation in connection with the Plan and the Disclosure Statement and all matters considered by the Court in connection with this Chapter 11 case. The Debtor properly served the notice of the Confirmation Hearing in accordance with Federal Rules of Bankruptcy Procedure 2002, and 2017(d), and 3020(b)(2). The Notice and opportunity given for a hearing before the Court on the approval of the Disclosure Statement and the confirmation of the Plan was adequate and satisfactory under the circumstances of this case.

18. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

19. The Debtor is authorized to consummate the Plan and establish an Effective Date of the Plan forthwith.

20. The Court shall retain jurisdiction:

(a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

(b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

(c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation, modification, or satisfaction of Claims in this case;

(d) To determine the validity, extent and priority of liens, if any, against property of the estate;

(e) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

(f) To determine all objections to Administrative Claims;

(g) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court;

(h) To determine any and all claims or Causes of Action asserted by the Debtor either by and through the Debtor or Reorganized Debtor;

(i) Without limiting the generality of the preceding paragraph, to determine any avoidance action brought by the Debtor;

(j) To determine all controversies arising out of any purchase, sale, modification, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(l) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m) To enforce any and all injunction created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(o) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p) To enter a Final Decree; and

(q) To make such order and decrees as are necessary and appropriate to carry out the provisions of the Plan.

21. Confirmation of the Plan does not relieve any guarantors of the Debtor's debt from personal liability.

22. The Debtor shall pay all pre-confirmation U.S. Trustee fees and filed delinquent monthly operating reports, if any, timely.

23. The Court finds it appropriate to set a Status Conference in this case on **December 6, 2010, at 10:30 a.m.** at the Claude Pepper Federal Building, 51 Southwest First Avenue, Courtroom 1409, Miami, Florida.

### ###

**Submitted by:**

Moffa & Bonacquisti, P.A.
John A. Moffa, Esq.
7771 West Oakland Park Blvd., #141
Sunrise, FL   33351
Telephone 954-634-4733
Fax                954-337-0637

cc: John A. Moffa is directed to serve a copy of this Order to all parties entitled to service thereof and file a Certificate of Service.